RECEIVED
IN LAKE CHARLES, LA.
DEC 19 2013
TONY R. MOORE, CLERK
BY_____ DEPUTY

UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

LAKE CHARLES DIVISION

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | : | DOCKET NO. 2:11 CR 00085-001 |
| VS. | : | JUDGE MINALDI |
| **FRANCISCO JAVIER CAMACHO** | : | MAGISTRATE JUDGE KAY |

MEMORANDUM RULING

Presently before the court are the defendant's objections to the Presentence Report ("PSR") prepared by Probation.

In the first objection, the defendant objects to Probation's failure to assess a two point reduction for acceptance of responsibility. Probation responds that the defendant did not receive this reduction because he qualified for an enhancement for obstruction of justice.

Application Note 4 of § 3E1.1 states, "Conduct resulting in an enhancement under § 3C1.1 (Obstructing or Impeding the Administration of Justice) ordinarily indicates that the defendant has not accepted responsibility for his criminal conduct. There may, however, be extraordinary cases in which adjustments under both §§ 3C1.1 and 3E1.1 may apply." U.S.S.G. § 3E1.1, cmt. n. 4; *United States v. Ahmed*, 324 F.3d 368, 374 (5th Cir. 2003).

Camacho was assessed an enhancement for obstruction of justice based upon incidents in which the defendant coerced his co-defendant through threats to sign an affidavit that would help Camacho. The defendant offered a co-defendant's girlfriend a car in return for her efforts to get the co-defendant to sign an affidavit. Camacho offered a new car to another inmate if he would stab a

co-defendant in this case. The enhancement for obstruction of justice is clearly justified. This case does not present an extraordinary circumstance that would warrant enhancement for obstruction of justice and reduction for contrition. Camacho has not shown that his is one of the unusual cases where a defendant can be found to have obstructed his prosecution but also shown a sincere acceptance of responsibility for his acts. *United States v. Marmolejo* 106 F.3d 1213, 1217 (5th Cir. 1997). This objection is OVERRULED.

In the second objection, the defendant objects to the three Criminal History Points assessed in ¶¶ 51, 54, and 58 based upon the age of the convictions.

Application Note 1 to USSG § 4A1.1(a) provides in pertinent part:

Three points are added for each prior sentence of imprisonment exceeding one year and one month. There is no limit to the number of points that may be counted under this item....

A sentence imposed more than fifteen years prior to the defendant's commencement of the instant offense is not counted *unless* the defendant's incarceration extended into this fifteen year period. Emphasis added.

¶¶ 51 and 54 indicate that the defendant was released on parole and had his parole revoked on several occasions. His last revocation in each case occurred on June 3, 1996, with his last release on parole occurring on July 27, 1997. This places Camacho in a period of incarceration on both of these convictions within the fifteen year period of the current offense. Accordingly, these criminal history points were properly assessed. This objection is OVERRULED.

In his thrid and final objection, the defendant argues that, although he pleaded guilty to Count 2, he reserved the right to challenge whether the firearm had been discharged as opposed to brandished. Discharging the firearm results in a sentence on this count of not less than ten years incarceration, whereas brandishing results in a sentence of not less than 7 years.

An evidentiary hearing is necessary on this objection and will be heard at sentencing.

Lake Charles, Louisiana, this 18 day of ~~November~~ December, 2013.

PATRICIA MINALDI
UNITED STATES DISTRICT JUDGE

3