# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF LOUISIANA
# LAKE CHARLES DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA | CRIMINAL NO. 11-0085 (01) |
| VERSUS | JUDGE ROBERT G. JAMES |
| FRANCISCO JAVIER CAMACHO | MAGISTRATE JUDGE KAY |

## MEMORANDUM RULING

Before the Court is a Motion to Vacate, Set Aside, or Correct Sentence pursuant to 28 U.S.C. § 2255 filed by the Petitioner, Francisco Javier Camacho ("Camacho"). [Rec. Doc. 265]. For the reasons assigned herein, Petitioner's motion is hereby **DENIED**.

## BACKGROUND INFORMATION

On October 24, 2012, Camacho was charged in a Second Superseding Indictment with, among other offenses, interference with commerce by robbery ("Hobbs Act robbery") in violation of 18 U.S.C. §1951 (Count 1), and using and carrying a firearm during and in relation to a crime of violence, a Hobbs Act robbery, in violation of 18 U.S.C. § 924(c)(1)(A)(iii) (Count 2). [Rec. Doc. 151]. The charges relate to an interstate robbery of a known drug dealer. *See id.* On November 1, 2012, Camacho entered a plea of guilty on both counts. [Rec. Docs. 157, 182]. The factual basis for the plea supported a finding that Camacho brandished a weapon in violation 18 U.S.C. § 924(c). [Rec. Docs. 278, Transcript of Sentencing Hearing; 159-2, Stipulated Factual Basis for Guilty Plea].[1] On September 11, 2014, Camacho was sentenced to 70 months

---

[1] As the government notes, Camacho's plea proceedings were protracted. [Rec. Doc. 279]. Camacho entered a plea, but did not admit to discharging a firearm during the robbery. [Rec. Doc. 182]. Rather, Camacho requested an evidentiary hearing concerning whether he actually discharged the weapon as opposed to merely brandishing the weapon. *See id.* The government later filed a motion to vacate the plea and set it for trial because of concerns that a plea subject to

imprisonment for Court 1 (Hobbs Act robbery, 18 U.S.C. §§ 1951 and 2), and 84 months imprisonment as to Count 2 (using and carrying a firearm during a crime of violence, 18 U.S.C. § 924(c)(1)(A)(iii)), to be served consecutively to the sentence on Count 1, for a total sentence of 154 months. [Rec. Doc. 258]. During the sentencing hearing, Camacho agreed to waive his right to file both a direct appeal and a motion for relief pursuant to 28 U.S.C. § 2255 in exchange for the sentence imposed. [Rec. Docs. 254, 258, 278 at pp. 104, 111].[2] Consistent with the agreement, Camacho did not file a direct appeal.

On June 24, 2016, Camacho filed a 28 U.S.C. § 2255 petition claiming that he is entitled to relief from his conviction and sentence pursuant to 18 U.S.C. § 924(c) because the definition of "crime of violence" as used in the statute is unconstitutionally vague in light of the Supreme Court's decision in *Johnson v. United States*, __ U.S. __, 135 S.Ct. 2551 (2015). [Rec. Doc. 265]. Camacho also raises additional arguments in support of his petition, including: (1) ineffective assistance of counsel in connection with the entry of his guilty plea; (2) he was never "physically linked" to any firearm;[3] (3) he was subjected to segregation for over three years without due process; (4) the imposition of consecutive sentences results in a sentencing disparity between himself and his co-defendant, (5) he received an improper guideline enhancement under

---

a reservation may be invalid in light of *Alleyne v. United States*, 570 U.S. 99, 133 S.Ct. 2151 (2013). [Rec. Doc. 195]. Camacho also filed a motion to vacate his guilty plea for similar reasons. [Rec. Doc. 217]. The government later filed a memorandum suggesting that the factual basis was sufficient to support a guilty plea to brandishing a weapon rather than firing a weapon, which carried a lesser penalty. [Rec. Doc. 227]. Thereafter, the Court denied both motions to vacate and set the matter for sentencing. [Rec. Doc. 233]. Camacho received a sentence consistent with brandishing a weapon. [Rec. Doc. 278].

[2] Camacho's sentence of 154 months represents a sentence at the low end of the guideline range. [Rec. Doc. 278, pp. 104, 111].

[3] The factual basis for Camacho's guilty plea indicates that both he and his co-defendant brandished firearms during the drug deal. [Rec. Doc. 159-2]. This is sufficient to support a conviction under section 924(c).

U.S.S.G. 3C1.1; and (6) the court failed to consider 18 U.S.C. § 3553(a) factors at sentencing in violation of *United States v. Booker*, 543 U.S. 220, 125 S.Ct. 738 (2005) and *United States v. Peugh*, 569 U.S. 530, 133 S.Ct. 2072 (2013). [Rec. Doc. 265]. Camacho also argues that the waiver of his right to file a 2255 motion is unenforceable following a memorandum issued by former Attorney General Holder on October 14, 2014, instructing DOJ prosecutors to no longer seek such waivers or enforce existing waivers in cases where defense counsel was actually ineffective or the issue is debatable and should be resolved by the court. *See id.* The Court notes that the government is not attempting to enforce the waiver, and has responded to Camacho's petition on the merits. [Rec. Doc. 279 at 8].

The Court issued standard administrative orders applicable to all cases potentially impacted by *Johnson*, and the federal public defender was appointed to represent Camacho. [Rec. Docs. 266, 267, 269]. Consistent with the Court's standard administrative order, this matter was stayed to allow additional time to develop the record and receive additional guidance from the higher courts. *See id.* On May 24, 2018, the parties were provided with briefing deadlines. [Rec. Doc. 276]. The federal public defender and the government have completed briefing, and this matter is now ripe for a decision. [Rec. Docs. 279, 280].

## LAW AND ANALYSIS

Following conviction and exhaustion or waiver of the right to appeal, the court presumes that a defendant "stands fairly and finally convicted." *United States v. Shaid*, 937 F.2d 228, 231-32 (5th Cir. 1991) (quoting *United States v. Frady*, 456 U.S. 152, 102 S.Ct. 1584, 1592 (1982)). Relief under section 2255 is "reserved for transgressions of constitutional rights and for a narrow range of injuries that could not have been raised on direct appeal and would, if condoned, result in a complete miscarriage of justice." *United States v. Vaughn*, 955 F.2d 367, 368 (5th Cir.

1992).  A motion filed under section 2255 is subject to a one-year limitations period, running from the latest of the following dates: (1) when the judgment became final; (2) when a government-created impediment to filing the motion was removed; (3) when the United States Supreme Court initially recognized and made retroactively applicable the legal predicate for the motion; or (4) when the petitioner could have discovered, through due diligence, the factual predicate for the motion.  *See* 28 U.S.C. § 2255(f).  A judgment becomes final, under this section, when the applicable period for seeking direct review of a conviction has expired.  *See Clay v. United States*, 537 U.S. 522, 527, 123 S.Ct. 1072, 1076 (2003).  The limitations period is not jurisdictional and is subject to equitable tolling.  *See Parrara-Martinez v. United States*, No. 15-348, 2015 WL 9244611, at *3 (W.D. Tex. Dec. 16, 2015) (citing *Holland v. Florida*, 560 U.S. 631, 645, 130 S.Ct. 2549, 2560 (2010)).  Equitable tolling is only appropriate, however, in "rare and exceptional circumstances" and "is not intended for those who sleep on their rights." *Parrara-Martinez*, 2015 WL 9244611, at *3 (quoting *Cousin v. Lensing*, 310 F.3d 843, 848 (5th Cir. 2002); *Fisher v. Johnson*, 174 F.3d 710, 715 (5th Cir. 1999)).

Camacho argues in his petition that he is entitled to relief from his conviction pursuant to 18 U.S.C. § 924(c) because his predicate conviction, Hobbs Act robbery, no longer satisfies the definition of a "crime of violence" pursuant to section 924(c)(3) after the Supreme Court's decision in *Johnson*.  [Rec. Doc. 265].  When a defendant is convicted of certain crimes involving firearms, the court applies the sentencing provisions set forth in 18 U.S.C. § 924.  One such provision, known as the Armed Career Criminal Act ("ACCA"), provides a sentencing enhancement for persons convicted of unlawfully possessing a firearm in violation of 18 U.S.C. § 922(g), and who have at least three previous convictions "for a violent felony or serious drug offense."  *See* 18 U.S.C. § 924(e)(1).  As defined by 18 U.S.C. § 924(e)(2)(B), "the term 'violent

felony' means any crime […] that-- (i) has as an element the use, attempted use, or threatened use of physical force against the person of another; or (ii) is burglary, arson, or extortion, involves use of explosives, *or otherwise involves conduct that presents a serious potential risk of physical injury to another*." *See* 18 U.S.C. § 924(e)(2)(B) (emphasis added). The italicized phrase is known as the residual clause of the ACCA. In *Johnson*, made retroactively applicable in *United States v. Welch*, __ U.S. __, 136 S.Ct. 1257 (2016), the Supreme Court held that the residual clause (italicized above) is unconstitutionally vague because it invites arbitrary enforcement and fails to give fair notice of the conduct it punishes. *See Johnson*, 135 S.Ct. at 2557, 2563. Thus, a conviction based on the residual clause of section 924(e)(2)(B)(ii) violates a defendant's right to due process. *See id.* at 2563.

Camacho was convicted of violating 18 U.S.C. §§ 924(c)(1)(A)(iii) for using and carrying a firearm during and in relation to a crime of violence. [Rec. Doc. 258]. Like the ACCA, section 924(c) defines "crime of violence" in two different ways, each under a distinct section. Under 924(c)(3)(A), known as the elements clause, a crime of violence "has as an element the use, attempted use, or threatened use of physical force against the person or property of another." *See* 18 U.S.C. § 924(c)(3)(A). Under 924(c)(3)(B), referred to as the residual clause, a crime of violence is a felony "that by its nature, involves a substantial risk that physical force against the person or property of another may be used in the course of committing the offense." *See* 18 U.S.C. § 924(c)(3)(B).

After Camacho filed his petition, the Fifth Circuit determined that a Hobbs Act robbery satisfies the elements clause of 18 U.S.C. § 924(c)(3)(A)'s definition of a "crime of violence." *See United States v. Buck*, 847 F.3d 267, 274-75 (5th Cir. 2017). More specifically, the Fifth Circuit noted "the Hobbs Act's reference to actual or threatened force or violence would appear,

5

self-evidently, to satisfy the standard needed for a crime of violence under section 924(c)(3)(A)." *Id.* (quoting *United States v. Hill*, 832 F.3d 135, 140 (2d Cir. 2016)).[4]

Thereafter, the Supreme Court issued its opinion in *Sessions v. Dimaya*, __ U.S. __, 138 S.Ct. 1204 (2018), which invalidated a portion of the definition of "crime of violence" under 18 U.S.C. § 16(b) of the Immigration and Nationality Act, which contained similar language to the residual clause of section 924(e) found to be unconstitutional in *Johnson*. *See Dimaya*, 138 S.Ct. at 1215-16. Following this decision, the Supreme Court remanded to the Fifth Circuit a case challenging the validity of the "crime of violence" definition under 18 U.S.C. § 924(c)(3). *See United States v. Davis*, 677 F. App'x 933 (5th Cir. 2017), *vacated and remanded*, __ U.S. __, 138 S.Ct. 1979 (2018). On remand the Fifth Circuit determined that the residual clause of section 924(c)(3)(B), which contained language identical to the residual clause of section 16(b) found to be unconstitutional in *Dimaya*, was likewise unconstitutionally vague. *See United States v. Davis*, 903 F.3d 483, 485-86 (5th Cir. 2018). Based on this finding, the Fifth Circuit reversed the petitioner's firearm conviction for knowingly using, carrying, or brandishing a firearm to aid and abet a conspiracy to interfere with commerce by robbery where the "crime of violence" determination was made under the residual clause of section 924(c)(3)(B). *See id.* In reaching this decision the court noted that the offense of conspiracy "does not necessarily require proof that a defendant used, attempted, or threatened to use force," such that a conviction premised on conspiracy could only be reached under the residual clause. *Id.* at 485. However, in the same decision the Fifth Circuit upheld the defendant's conviction for a firearm charge

---

[4] The Hobbs act defines "robbery" as "the unlawful taking or obtaining of personal property from the person or in the presence of another, against his will, by means of actual or threatened force, or violence, or fear of injury, immediate or future, to his person or property, or property in his custody or possession, or the person or property of a relative or member of his family or of anyone in his company at the time of the taking or obtaining." *See* 18 U.S.C. § 1951(b)(1).

6

predicated upon the commission of a Hobbs Act robbery under the elements clause of section 924(c)(3)(A), noting that *Dimaya* did not address the elements clause, and the court's prior decision in *Buck* foreclosed the petitioner's argument to the contrary. *See id.* Just recently, the Fifth Circuit once again reiterated its holding in *Buck* that a Hobbs Act robbery qualifies as a crime of violence predicate under section 924(c)(3)(A)'s elements clause. *See United States v. Bowens*, No. 17-10822, 2018 WL 5274398 (5th Cir. Oct. 24, 2018).

Camacho was convicted of using and carrying a firearm in relation to a crime of violence under 18 U.S.C. § 924(c)(1)(A)(iii) in relation to a Hobbs Act robbery, which the Fifth Circuit has determined is governed by the "elements clause" of section 924(c)(3)(A), not the residual clause. The elements clause of section 924 has not been found to be unconstitutional. Accordingly, Camacho cannot rely on *Johnson* or *Dimaya* to set aside his sentence. Because neither *Johnson* nor *Dimaya* offer an avenue for relief, Camacho's petition would not be considered timely under section 2255(f)(3). Section 2255 petitions are subject to the one-year limitation of section 2255(f)(1), which began to run in this case upon the expiration of the time for the filing of a timely notice of appeal. *See United States v. Plascencia*, 537 F.3d 385, 388 (5th Cir. 2008). Camacho's judgment of conviction was entered on September 16, 2014. [Rec. Doc. 258]. Although Camacho waived his right to file a direct appeal, the time for filing an appeal of his conviction would have expired 14 days later on September 30, 2014. *See* Fed. R. App. P. 4(b)(1)(A). Thus, under section 2255(f)(1), if Camacho had not waived his right to file a 2255 petition, the one-year period to file his petition would have ended on September 30, 2015.

Camacho argues that the time for filing should be extended pursuant to section 2255(f)(4) because Attorney General Holder's memorandum regarding the waiver of collateral review was not issued until October 14, 2014, a month after he was sentenced. [Rec. Doc. 265 at 9]. The

Court finds this argument lacking for two reasons. First, Camacho offers no explanation as to why he failed to raise this issue prior to his June 24, 2016 petition wherein he asserts a claim pursuant to *Johnson*. Second, Camacho has not offered any indication as to when he first learned of the memorandum. Moreover, equitable tolling is not appropriate in this case because Camacho has failed to demonstrate that he has been diligently pursuing his rights, but was prevented from timely filing his petition by some extraordinary circumstance. *See United States v. Wheaten*, 826 F.3d 843, 851 (5th Cir. 2016). Accordingly, Camacho's petition, filed on June 24, 2016, is untimely and must be denied.

## CONCLUSION

For the reasons assigned herein, Camacho's Motion to Vacate, Set Aside, or Correct Sentence pursuant to 28 U.S.C. § 2255 [Rec. Doc. 265] is hereby **DENIED**.

**THUS DONE AND SIGNED**, in Monroe, Louisiana, this 4th day of December, 2018.

_____
ROBERT G. JAMES
UNITED STATES DISTRICT JUDGE