UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAKE CHARLES DIVISION

| | |
|---|---|
| **UNITED STATES OF AMERICA** | **CASE NO. 2:11-CR-00085-01** |
| **VERSUS** | **JUDGE JAMES D. CAIN, JR.** |
| **FRANCISCO JAVIER CAMACHO (01)** | **MAGISTRATE JUDGE KAY** |

### MEMORANDUM ORDER

Before the court is a Motion for Compassionate Release or Release to Home Confinement [doc. 289] filed by defendant Francisco Javier Camacho. The government opposes the motion. Doc. 293.

### I.
#### BACKGROUND

Following his conviction of one count of interfering with commerce by robbery, a violation of 18 U.S.C. § 1951, and one count of carrying a firearm during a crime of violence, a violation of 18 U.S.C. § 924(c), Mr. Camacho was sentenced in this court on September 11, 2014, to a combined term of 154 months' imprisonment. Doc. 254. Mr. Camacho did not appeal his conviction or sentence and his motion to vacate under 28 U.S.C. § 2255 was denied by the court on December 4, 2018. Doc. 285.

Mr. Camacho is now incarcerated at the Federal Correctional Institute at Butner, North Carolina. He moves to reduce or modify his sentence under 18 U.S.C. § 3582(c)(1)(A), seeking either early release or release to home confinement based on his fear of contracting COVID-19. Doc. 289. To this end he notes that he is nearing the end of

his sentence, has an exemplary record at FCI Butner, and is vulnerable to the virus because of his high blood pressure. *Id.* The government opposes the motion on the grounds that he has not exhausted his administrative remedies and that the court is without jurisdiction to grant his requested relief. Doc. 293.

## II.
## LAW & APPLICATION

A sentence of imprisonment may only be modified by the district court in limited circumstances. *Dillon v. United States*, 560 U.S. 817, 825 (2010). The court may reduce a term of imprisonment for "extraordinary and compelling reasons" so long as they are "consistent with applicable policy statements issued by the Sentencing Commission." 18 U.S.C. § 3582(c)(1)(A). Following passage of the First Step Act in 2018, inmates may use this provision to directly petition the court for compassionate release. The court may only act, however, "upon motion of the Director of the Bureau of Prisons, or upon motion of the defendant after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on [his] behalf or the lapse of 30 days from the receipt of such a request . . . whichever is earlier." 18 U.S.C. § 3582(c)(1)(A). Accordingly, the inmate is required to exhaust his administrative remedies with the BOP before bringing such a request to the court and exhaustion is a jurisdictional prerequisite for the court's ability to grant relief. *See, e.g.*, *United States v. Johnson*, 2020 WL 1663360, at *3–*6 (D. Md. Apr. 3, 2020); *United States v. Koons*, 2020 WL 1940570 (W.D. La. Apr. 21, 2020).

Mr. Camacho states that he has "expressed his concerns to medical staff as well as administration to no avail," but does not indicate whether he ever filed a formal request or exhausted his administrative remedies. Doc. 289, p. 1. The government represents that, "[a]ccording to records from the legal department at FCI Butner, the defendant has not filed an administrative request, nor has he waited the requisite 30 days after filing such a request." Doc. 293, p. 8. As other courts in this district have held, the COVID-19 situation does not create an exception to the statutory exhaustion requirements. *E.g.*, *United States v. Wright*, 2020 WL 1976828, at *3 (W.D. La. Apr. 24, 2020). Accordingly, the request for compassionate release is unexhausted and the court is without jurisdiction to consider it.

To the extent that Mr. Camacho is requesting home confinement rather than early release, the court is without authority to grant relief. The Director of the Bureau of Prisons may authorize home confinement for the shorter of ten percent of an inmate's term of imprisonment or six months. 18 U.S.C. § 3624(c). Under the CARES Act of 2020, Congress has also lengthened the maximum amount of time an inmate may be placed on home confinement. Pub. L. 116-136, § 12003(b)(2). Decisions regarding inmate designations, however, are exclusively reserved to the BOP and are not subject to judicial review. *See* 18 U.S.C. § 3621(b). Accordingly, as the government notes and several courts have recently recognized, the district court has no authority to order home confinement under the CARES Act. *E.g.*, *United States v. Read-Forbes*, 2020 WL 1888856 (D. Kan. Apr. 16, 2020); *United States v. Engleson*, 2020 WL 1821797 (S.D.N.Y. Apr. 10, 2020); *United States v. Hembry*, 2020 WL 1821930 (N.D. Cal. Apr. 10, 2020); *United States v. Carter*, 2020 WL 180288 (S.D. Ind. Apr. 9, 2020). This request is therefore denied.

## III.
### CONCLUSION

For the reasons described above, Mr. Camacho's Motion for Compassionate Release or Release to Home Confinement [doc. 289] is **DENIED**, without prejudice to his right to renew the request for compassionate release upon a showing of administrative exhaustion.

**THUS DONE AND SIGNED** in Chambers on this 21st day of May, 2020.

**JAMES D. CAIN, JR.**
**UNITED STATES DISTRICT JUDGE**